Forrest C. Gearhart, Inc., Plaintiff *v.* Commonwealth of Pennsylvania, Department of Revenue,
Bureau of Sales and Use Tax and Vincent X.
Yakowicz, Secretary of the Department of Revenue for the Commonwealth of Pennsylvania,
Defendants.

Argued September 9, 1976, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS and BLATT. Judge KRAMER did not
participate.

*Gilbert B. Abramson,* with him *Eilberg, Corson, Getson & Abramson,* for petitioner.

*Alan M. Bredt,* Deputy Attorney General, for respondents.

OPINION BY JUDGE CRUMLISH, JR., November 15, 1976:

Critical to this tax appeal is the question: Does this Court have jurisdiction? Respondent, Bureau of Sales and Use Tax, in its preliminary objections, argues that when petitioner has not exhausted its "adequate statutory remedy specifically designed for tax cases of this nature," declaratory judgment[1] is not the proper remedy and thus this Court lacks jurisdiction. We agree.

---

[1] Petitioner relies on Section 6 of the Uniform Declaratory Judgment Act to establish its argument that this Court has jurisdiction. Section 6 provides:

"Relief by declaratory judgment or decree may be granted in all civil cases where (1) an actual controversy exists between contending parties, or (2) where the court is satisfied that antagonistic claims are present between the parties involved which indicate imminent and inevitable litigation, or (3) where in any such case the court is satisfied that a party asserts a legal relation, status, right, or privilege in which he has a concrete interest and that either (i) there is a challenge or denial of such asserted relation, status, right, or privilege by an adversary party who also has or asserts a concrete interest therein, or (ii) that there is an uncertainty with respect to the effect of such asserted relation, status, right, or

Petitioner, Forrest C. Gearhart, Inc., is a Pennsylvania corporation engaged in the retail sale and in the installation of carpeting and floor coverings. On September 27, 1975, the Bureau of Sales and Use Tax (Bureau) issued "Ruling No. 213—Carpeting and Other Floor Coverings." This ruling changed the procedure by which Petitioner was to remit the tax to the Bureau.

Petitioner, under the apprehension that the Bureau, in promulgating the ruling, exceeded its statutory authority and made an unconstitutional ruling, continued to file returns in accordance with the procedure prior to September 27, 1975, and this petition for a declaratory judgment followed. The Bureau properly argues that Petitioner has not exhausted its statutory remedy.

The Supreme Court in *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 425, 306 A.2d 295, 299 (1973), was confronted with the question of whether declaratory judgment is an extraordinary remedy available only when there is no other remedy at law. Chief Justice JONES, speaking for the Court, said:

"When the legislature enacted Section 6 of the Act, and its several amendments, we believe it intended

---

privilege upon the determination of any tax imposed or to be imposed by any taxing authority, including the United States, any state and any political subdivision thereof, and the court is satisfied also that a declaratory judgment or decree will serve to terminate the uncertainty or controversy giving rise to the proceeding. *Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed*; but the mere fact that an actual or threatened controversy is susceptible of relief through a general common law remedy, or an equitable remedy, or an extraordinary legal remedy, whether such remedy is recognized or regulated by statute or not, shall not debar a party from the privilege of obtaining a declaratory judgment or decree in any case where the other essentials to such relief are present; but proceeding by declaratory judgment shall not be permitted in any case where a divorce or annulment of marriage is sought." Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §836. (Emphasis added.)

the common sense meaning that its language conveys. If a remedy is specially provided by statute, it must be pursued. If, on the other hand, there is another available remedy not statutorily created, whether such remedy is legal or equitable, it is only one factor to be weighed by the court in its discretionary determination of whether a declaratory judgment would lie."

In *Gold v. Department of Public Instruction*, 16 Pa. Commonwealth Ct. 247, 328 A.2d 559, 561 (1974), Judge KRAMER wrote, "[i]n Friestad the Supreme Court clearly indicated that when a *statutorily created* remedy exists it must be utilized, and it is the exclusive remedy." (Emphasis in original.) Since the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7101 et seq., provides Respondent with a procedure for seeking and challenging the Bureau, we hold that this dispute is governed by the pronouncements in *Friestad*, and therefore

ORDER

AND Now, this 15th day of November, 1976, the preliminary objections of the Bureau of Sales and Use Tax are sustained and Plaintiff's petition is hereby dismissed.