Delaware Valley Apartment House Owners' Association by Paul R. Trichon, Trustee ad Litem and Hopkinson Associates, Petitioners v. Commonwealth of Pennsylvania, Department of Revenue, Respondent.

616

Argued February 1, 1978, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS, BLATT and DiSALLE.

*Barton A. Hertzbach,* with him *Frank E. Hahn,
Jr.,* and *Obermayer, Rebmann, Maxwell & Hippel,* for
petitioners.

*R. Scott Shearer,* Deputy Attorney General, for re-
spondent.

OPINION BY JUDGE BLATT, July 21, 1978:

This is an action within our original jurisdiction seeking a declaratory judgment on the constitutionality of Section 201(m) of the Tax Reform Code of 1971[1] (Tax Code), 72 P.S. §7201(m). The petitioners are the Delaware Valley Apartment House Owners' Association (association) and Hopkinson Associates, a limited partnership which owns and operates a residential apartment house in Philadelphia. The respondent is the Pennsylvania Department of Revenue. We are here concerned with the respondent's preliminary objections which challenge the petitioners' standing to bring this action, the general appropriateness of a declaratory judgment here, and whether or not the petitioners correctly initiated this action by way of a petition for review.

The respondent first questions the standing of the association to act as a petitioner in this action, the association being a nonprofit association of owners and operators of apartment residences in the Commonwealth. The interest required of a party to bring a declaratory judgment action is defined in Section 2 of the Uniform Declaratory Judgments Act[2] (Declaratory Judgment Act), 12 P.S. §832, which provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

---

[1] Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §7101 et seq.
[2] Act of June 18, 1923, P.L. 840, *as amended*, 12 P.S. §831 et seq.

The respondent argues that because the association is not itself liable for payment of the challenged tax it cannot be considered a party whose rights are affected by a statute for purposes of bringing a declaratory judgment action. Although Section 13 of the Declaratory Judgments Act, 12 P.S. §843, provides that the word "party" as used in the act should be construed to include an unincorporated association, the respondent's objection appears to be directed toward whether or not the status asserted by the association is sufficient under Section 2. In its petition for review, the association has not alleged any effect on its own taxpayer status, instead it has alleged only the liability of its individual members for payment of the tax. This Court has recently held in *Concerned Taxpayers of Allegheny County v. Commonwealth*, 33 Pa. Commonwealth Ct. 518, 525, 382 A.2d 490, 493-94 (1978), that a nonprofit corporation may gain standing to bring an action in equity challenging the constitutionality of a statute by asserting the interests of its members provided that the members' interests in themselves are sufficient to bring the action and that their interest is sufficiently pleaded. We believe that the same reasoning is applicable here. In the present case, the association has alleged that the taxpayer status of its members has been affected by the statute here challenged and we believe that this is sufficient to confer standing on the association under Section 2 of the Declaratory Judgments Act.

The respondent has also raised several challenges to the appropriateness of a declaratory judgment here. Noting that Section 6 of the Declaratory Judgments Act, 12 P.S. §836, requires that where a statute provides a special form of remedy for a specific type of case that remedy must be pursued before a declaratory judgment action will lie, the respondent

argues first that the statutory refund procedure contained in Sections 252-255 of the Tax Code, 72 P.S. §§7252-55, provides a statutory remedy which the petitioners must follow before a declaratory judgment should be permitted. We note, however, that the petitioners here do not seek a refund of taxes but rather a declaratory judgment that a provision of the Tax Code violates specific provisions of the United States and Pennsylvania Constitutions.[3] Our Supreme Court examined the sufficiency of administrative remedies as a deterrent to equitable actions attacking the constitutionality of taxing statutes in *Borough of Green Tree v. Board of Property Assessments, Appeals and Review of Allegheny County,* 459 Pa. 268, 281, 328 A. 2d 819, 825 (1974), and stated:

> Our opinions in the past have generally shown an awareness that the more direct the attack on the statute, the more likely it is that exercise of equitable jurisdiction will not damage the role of the administrative agency charged with enforcement of the act, nor require, for informed adjudication, the factual fabric which might develop at the agency level. The reason, we believe, is that the determination of the constitutionality of enabling legislation is not a function of the administrative agencies thus enabled. *See* Philadelphia Life Ins. Co. v. Commonwealth, 410 Pa. 571, 580, 190 A.2d 111 (1963). The more clearly it appears that the question raised goes directly to the validity of the statute the less need exists for the agency involved to throw light on the issue

---

[3] The petitioners allege that the exemption from sales tax on the purchase of utilities for residential use by the purchaser contained in Section 201(m) violates Article 8, Section 1 and Article 3, Section 32 of the Pennsylvania Constitution and the Fourteenth Amendment of the United States Constitution.

through exercise of its specialized fact-finding function or application of its administrative expertise. Further, the less need there is for compliance with an agency's procedures as a prerequisite to informed constitutional decision making, then correspondingly greater is the embarrassment caused to litigants by requiring conformity with the statutorily-prescribed remedy.

Although the Court was there concerned with actions based in equity, we believe that the same reasoning applies where declaratory judgments are concerned. The petitioners here have directly challenged Section 201(m) on specific constitutional bases and we do not believe that resolution of these issues would be assisted by the administrative expertise of the Board of Finance and Revenue. *Cf. Aldine Apartments, Inc. v. Department of Revenue*, 32 Pa. Commonwealth Ct. 296, 379 A.2d 333 (1977). (Court without jurisdiction to entertain suit in equity seeking, *inter alia*, a refund of taxes.) We must hold, therefore, that the refund provisions of the Tax Code do not provide a sufficient statutory remedy such that a declaratory judgment should not be permitted here.[4]

---

[4] This Court held to the contrary in *Forrest C. Gearhart, Inc. v. Department of Revenue*, 27 Pa. Commonwealth Ct. 70, 365 A.2d 908 (1976), where a petitioner sought a declaratory judgment of the constitutionality of a regulation of the Bureau of Sales and Use Tax. That case is distinguished from the present one in that administrative agencies have the authority to determine the validity and constitutionality of their regulations, *See Rochester and Pittsburgh Coal Co. v. Board of Assessments and Revision of Taxes of Indiana County*, 438 Pa. 506, 509, 266 A.2d 78, 79 (1970) (by implication) ; *St. Joe Minerals Corp. v. Goddard*, 14 Pa. Commonwealth Ct. 624, 628-29, 324 A.2d 800, 802 (1974), and under those circumstances the Tax Code remedies would be adequate. The petitioners here, however, question the constitutional validity of the underlying statute and not its application in the form of a regulation.

The respondent also maintains that because there are pending before this Court other challenges to Section 201(m) of the Tax Code, this petition should be dismissed. We note, however, that the petitioners are not parties to any other litigation challenging Section 201(m). Our Supreme Court held in *Greensburg v. Blumberg*, 416 Pa. 226, 206 A.2d 16 (1965), that a court should not entertain a declaratory judgment action if there is pending at the time of its commencement another action in which the same persons are parties and in which the same issues may be adequately adjudicated.[5] Because the parties to those other actions pending before this Court are not identical to the petitioners here and further because there has been no showing by the respondent that the issues in those actions are identical to those raised here, we do not believe that dismissal of this action is required.

The respondent further argues that because certain factual allegations in the petition for review are disputed a declaratory judgment is not a proper remedy. Our Supreme Court has held, however, that the mere existence of a factual question does not divest a court of discretion in permitting a declaratory judgment action and that even if the dispute is wholly a factual one an action is not necessarily precluded. *Liberty Mutual Insurance Co. v. S.G.S. Co.*, 456 Pa. 94, 100, 318 A.2d 906, 909 (1974). The substantive issues raised by the petitioners are directed to the constitutionality of Section 201(m) and the disputed factual questions could, if necessary, be resolved by

---

[5] We note that the Supreme Court disavowed this case to the extent that it is inconsistent with that Court's recent interpretations of Section 6 of the Declaratory Judgments Act, 12 P.S. §836. *See Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 422 n. 6, 306 A.2d 295, 297 n. 6 (1973). We do not believe, however, that our holding here is inconsistent with *Friestad*.

use of the procedures contained in the Declaratory Judgments Act.[6] We believe, therefore, that the factual dispute does not require the dismissal of this action.

In addition, the respondent maintains that this action is barred by Article I, Section 11 of the Pennsylvania Constitution, which incorporates the doctrine of sovereign immunity and permits suits against the Commonwealth only to the extent that the Legislature by law permits. Sovereign immunity, however, does not bar all actions brought against the Commonwealth without a specific statutory basis but rather distinguishes among such actions on the basis of the relief sought. As stated by our Supreme Court in *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 576, 190 A.2d 111, 114 (1963):

> The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials* or *to obtain money damages or to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek *to restrain state officials* from performing affirmative acts are not within the rule of immunity. (Emphasis in original.)

In the present action, the petitioners are not seeking to compel affirmative action on the part of state officials, or to obtain money damages or to recover property from the Commonwealth, but they seek merely a declaration that Section 201(m) is unconstitutional. On this basis we do not believe that the present action is barred by sovereign immunity.

---

[6] *See* Section 9 of the Declaratory Judgments Act, 12 P.S. §839.

The respondent argues finally that the petitioners incorrectly initiated this action by way of a petition for review. We disagree. Pa. R.A.P. 1501(a)(3) clearly states that an objection to a determination by a government unit[7] previously cognizable in an appellate court by an action for declaratory judgment is subject to the provisions of chapter 15 of the Rules of Appellate Procedure. Moreover, Pa. R.A.P. 1502 abolishes actions for declaratory judgments brought within the scope of chapter 15 and provides that the petition for review is to be the exclusive pleading used for that purpose. The procedure followed by the petitioners conforms to these rules.

The preliminary objections of the respondent are dismissed, and the respondent is hereby directed to file an answer.

### ORDER

AND Now, this 21st day of July, 1978, the preliminary objections of the respondent are hereby dismissed, and the respondent is hereby directed to file an answer within twenty (20) days of the date of this order.

---

[7] The definitions contained in Pa. R.A.P. 102 indicate that the phrase "determination by a governmental unit" would include action by the General Assembly.

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I respectfully dissent. I agree that statutory remedies afforded to obtain a *refund* of taxes unlawfully collected are not germane to an issue of our jurisdiction to entertain a declaratory judgment proceedings as petitioners here do not seek a refund of taxes. I would, however, conclude that a declaratory judgment action does not lie in this case because other provisions of the Tax Reform Code of 1971, Act of March

4, 1971, P.L. 6, *as amended*, 72 P.S. §7101 et seq., provide a specific form of remedy available to petitioners. Its provisions allowing for petitions for resettlement of taxes assertedly unlawfully assessed, review by the Board of Finance and Revenue on petition of a taxpayer considering himself aggrieved and for subsequent judicial review de novo afford taxpayers a full, complete and adequate statutory remedy. As I understand *Friestad v. Travelers Indemnity Co.,* 452 Pa. 417, 306 A.2d 295 (1973), the existence of such a statutorily prescribed remedy proscribes a declaratory judgment action and requires the statutory remedy to be pursued. We reached the same conclusion in *Forrest C. Gearhart, Inc. v. Department of Revenue,* 27 Pa. Commonwealth Ct. 70, 365 A.2d 908 (1976), (declaratory judgment, questioning the *constitutionality* of a regulation) and *St. Joe Minerals Corp. v. Goddard,* 14 Pa. Commonwealth Ct. 624, 324 A.2d 800 (1974), (equity, questioning *constitutionality* of a regulation). The logic of the competency of a quasi-judicial administrative agency to pass upon the constitutionality of a regulation but not the constitutionality of a statute escapes me. Rather, as we expressed in *St. Joe,* whether equity or declaratory judgment should lie in matters in which the constitutionality of a statute or regulation is in issue should be determined upon the adequacy of the remedy at law as measured by complexity or simplicity of the administrative route that the complainant would be required to pursue prior to the case reaching a tribunal competent to pass upon the constitutional issue involved.

I view the procedure and administrative route to judicial review as prescribed in the Tax Reform Code of 1971 to be adequate as so measured.

Judges ROGERS and DISALLE join in this dissent.