Dan Maurice Myers and Barbara Jean Myers, Petitioners *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

510

Argued September 11, 1980, before Judges Blatt, Craig and MacPhail, sitting as a panel of three.

*Gordon A. Roe, Kain, Brown & Roberts,* for petitioners.

*Christos A. Katsaounis,* Assistant Attorney General, with him *Elisabeth S. Shuster* and *Allan C. Warshaw,* Deputy Attorneys General, for respondent.

Opinion by Judge MacPhail, December 22, 1980:

In this action, addressed to our original jurisdiction, Dan Maurice and Barbara Jean Myers (Petitioners) seek a declaratory judgment as to the constitutionality of Section 339 of the Tax Reform Code of 1971 (Tax Code),[1] Act of March 4, 1971, P.L. 6,

---

[1] Petitioners also request that we declare several other provisions of the Tax Code to be unconstitutional. Having found no allegations in support of this request we are unable to determine on what basis the provisions are challenged. Accordingly, we are constrained to consider only the challenge to Section 339 of the Tax Code.

*added by,* Act of August 31, 1971, P.L. 362, 72 P.S. §7339. The declaratory judgment petition also includes a request that this Court enjoin the Respondent Department of Revenue (Department) from assessing taxes against Petitioners. Finally, it is requested that an order requiring the release of certain monies held by the District Attorney of Adams County be issued.[2] We are here concerned with the preliminary objections raised by the Department which question the subject matter jurisdiction of this Court in the instant case based on two theories: (1) that exclusive jurisdiction over this matter lies within the Department's administrative tribunals and (2) that declaratory relief is unavailable to challenge the constitutionality of tax statutes. For the reasons which follow, we sustain the first preliminary objection filed by the Department and dismiss the petition.

The facts and procedural history of proceedings to date before the Department's Boards of Appeals and Finance and Revenue, though complex, are important to an understanding of the instant case. On October 9, 1979 the Department issued to each of the Petitioners jeopardy assessments for personal income tax, interest and penalties in the amount of $45,338.30 due for the years 1978 and 1979. Petitioners were also assessed for sales tax in the amount of $266,050.71 for the time period beginning on January 1, 1978 and ending on September 30, 1979. Petitioners filed timely petitions with the Board of Ap-

---

[2] The relief requested in this petition was similarly requested in the petition for a preliminary injunction filed by Petitioners with this Court on March 21, 1980. The petition was denied on April 28, 1980. An appeal from the denial is presently pending before our Supreme Court. Although we are mindful of the pending appeal we believe that it does not preclude our consideration of the matters now before us. *See* Pa. R.A.P. 311(a)(4)(e).

peals for reassessments of the personal income tax jeopardy assessments and on April 16, 1980 reassessments were issued based on adjusted income calculations submitted by the Department's Financial Investigative Unit.[3] Petitioners filed appeals to the Board of Finance and Revenue on July 7, 1980 from the reassessments. Each of the jeopardy assessment appeals taken by Petitioners challenge, *inter alia,* the constitutionality of Section 339 of the Tax Code, the statute's jeopardy assessment provision.

On or about January 24, 1980 Petitioners filed appeals from the sales tax assessments with the Department's Board of Appeals. Petitioner Dan Myers also requested a hearing on the necessity of a bond requirement issued pursuant to Section 277 of the Tax Code, 72 P.S. §7277. The bond requirement in the amount of $320,000.00 was upheld by the Board of Appeals. The Department's brief indicates that the Board of Appeals denied Petitioners' appeals from the sales tax assessments and that further appeals to the Board of Finance and Revenue were filed on July 7, 1980.

The issues presented for our consideration by the Department's preliminary objections may be summarized as follows: (1) is this matter within the exclusive jurisdiction of the Department thereby rendering declaratory relief unavailable; (2) if not, may declaratory relief be rendered where other proceedings are pending before the Department involving the same parties and issues; and (3) is declaratory relief otherwise available to determine the constitutionality of tax statutes?

We believe that this case warrants some preliminary discussion of the recently enacted Declaratory

---

[3] The reassessments resulted in lowering the 1978 assessment and raising the 1979 assessment for a new total personal income tax due in the amount of $30,977.02.

Judgments Act (Act), 42 Pa. C. S. §7531 et seq.[4] We recognize that the Act has substantially broadened the availability of declaratory relief as is reflected in the following language of intent: "The General Assembly finds and determines that the principle rendering declaratory relief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished."[5] 42 Pa. C. S. §7541 (b). Further, Section 7537 of the Act, 42 Pa. C. S. §7537, provides that while a court may continue in its discretion to refuse to grant declaratory relief if the controversy or uncertainty at issue would not thereby be resolved, "the existence of an alternative remedy *shall not be a ground* for the refusal to proceed under this [Act]." (Emphasis added.)

Despite the admitted breadth of availability of relief under the Act an important limitation must be considered as it relates to the instant case. Section 7541(c)(2) of the Act provides that "[r]elief shall not be available under this [Act] with respect to any: . . . [p]roceeding within the exclusive jurisdiction of a tribunal other than a court." The Board of Appeals and Board of Finance and Revenue each qualifies as a "tribunal other than a court."[6] Therefore,

---

[4] The Act, in part, derives from or reenacts the former Uniform Declaratory Judgments Act, 12 P.S. §831 et seq., repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1063].

[5] Thus, the Act extends beyond the significant liberalization of the availability of declaratory relief marked by *Friestad v. Travelers Indemnity Co.*, 452 Pa. 417, 306 A.2d 295 (1973) wherein alternative legal and equitable remedies were held not to preclude declaratory relief while the existence of special statutory remedies did preclude such relief and were to be strictly pursued.

[6] Section 102 of the Judicial Code, 42 Pa. C. S. §102 defines a tribunal as "[a] court, district justice or other judicial officer

where a proceeding lies within the exclusive jurisdiction of either Board, declaratory relief is unavailable under the Act.

We agree with the Department that the constitutional challenge presented is within the exclusive jurisdiction of the Department's administrative tribunals. The Tax Code provides an appeal procedure for challenges to sales and personal income tax assessments.[7] This Court has recognized in a recent decision that "where a statutory remedy exists, it is exclusive unless the jurisdiction of the courts is preserved thereby." *Lashe v. Northern York County School District*, 52 Pa. Commonwealth Ct. 541, 549, 417 A.2d 260, 264 (1980). Since the exclusive appeal procedure provided by the Tax Code vests jurisdiction in the Boards of Appeals and Finance and Revenue with the ultimate appeal to this Court, we conclude that the initial phases of tax assessment appeals are within the exclusive jurisdiction of those Boards.

We also recognize, however, that a statutory remedy cannot be made to cover matters beyond its scope. *Lashe v. Northern York County School District, supra.* It is significant to the instant case that certain challenges to the constitutionality of tax statutes have been considered as beyond the jurisdic-

---

vested with the power to enter an order in a matter. The term includes a government unit . . . when performing quasi-judicial functions." The Board of Appeals and the Board of Finance and Revenue are clearly tribunals (since they perform quasi-judicial functions and are within a government unit, the Department) other than courts.

[7] Both appeal routes begin with the Department's consideration of requests for reassessment. Subsequent review is provided by the Board of Finance and Revenue with a final right to appeal to the Commonwealth Court. *See* Sections 232, 234, 235, 340, 341, 342 of the Tax Code, 72 P.S. §§7232, 7234, 7235, 7340, 7341, 7342.

tion of administrative tribunals. *See Delaware Valley Apartment House Owner's Association v. Department of Revenue,* 36 Pa. Commonwealth Ct. 615, 389 A.2d 234 (1978) and *Borough of Greentree v. Board of Property Assessments,* 459 Pa. 268, 328 A.2d 819 (1974). Our task, then, is to determine whether Petitioners' constitutional challenge to Section 339 of the Tax Code is one which the Department's Boards lack the power to consider.[8]

Constitutional challenges to tax statutes which go to the heart of the power to tax have been held to be beyond the scope of statutorily prescribed remedies. In *Greentree, supra,* it was reasoned that while statutory remedies are not rendered inappropriate merely because a constitutional issue is raised, an administrative agency cannot determine the constitutionality of its own enabling legislation. Similarly in the *Delaware Valley* case, *supra,* wherein a declaratory judgment petition was held to be appropriate, the constitutional challenge presented was to the power of the legislature to grant an exemption from the tax in question.[9] We also point out, however, that not all challenges to the basic validity of tax statutes are of sufficient substance to divest an administrative

---

[8] Petitioners challenge Section 339 on the ground that it "is unconstitutional because the Act fails to provide procedural safeguards, such as hearings and notices, and further, that said Act is arbitrary, capricious, and unconscionable."

[9] Another pertinent case is *Philadelphia Life Insurance Co. v. Commonwealth,* 410 Pa. 571, 578, 190 A.2d 111, 115 (1963), *overruled on other grounds insofar as inconsistent with Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) in which our Supreme Court held an administrative remedy to be inadequate where the action "directly attacks the constitutionality of the tax statute and the want of power in the legislature to levy such a tax." Although this case and the *Greentree* case involved actions in equity we believe that the same reasoning is applicable here. *See Delaware Valley, supra.*

tribunal of its exclusive jurisdiction. *See Hudson v. Union County,* 50 Pa. Commonwealth Ct. 378, 413 A.2d 1148 (1980) (direct attack upon the constitutionality of the occupation tax, which has been recognized as valid for many years, does not rise to the level of a substantial constitutional question).

It is our opinion that Petitioners' constitutional challenge to Section 339 of the Tax Code is not one which goes to the basic validity of the tax statute. Petitioners' argument in support of their petition relies exclusively upon the *Delaware Valley* case, *supra.* That case is clearly distinguishable from the instant case because, again, petitioners there were challenging the legislative authority to grant particular sales tax exemptions. The Petitioners here allege certain procedural defects in the statute, a challenge which though not insubstantial if found to be valid, is not one which administrative tribunals are incompetent to adjudicate.[10]

We therefore hold that this matter is within the exclusive jurisdiction of the Department's administrative tribunals as prescribed by the Tax Code. Pursuant to Section 7541(c)(2) of the Act declaratory relief is therefore unavailable. Since Petitioners now have appeals pending before the appropriate tribunal, their attack on the constitutionality of Section 339 of the Tax Code has been fully protected and will be adjudicated for our further review, if necessary.

Having found that we lack jurisdiction, it is unnecessary to address Petitioners' other arguments or the Department's remaining objection.

---

[10] We do not address the issue of whether other constitutional challenges to tax statutes would be sufficient to divest an administrative tribunal of its exclusive jurisdiction. Our holding is limited to the challenge presented in the petition now before us.

Accordingly, we sustain the Department's first preliminary objection, and, for the reasons stated in the foregoing opinion, dismiss the petition for a declaratory judgment.

### ORDER

AND Now, this 22nd day of December, 1980, the preliminary objection of the Department of Revenue is sustained on the ground that this Court lacks subject matter jurisdiction and the petition for a declaratory judgment is hereby dismissed.