Earl L. SAPPINGTON, CPA

v.

COMMONWEALTH OF PENNSYLVANIA, et al.

Civ. A. No. 78–2794.

United States District Court,
E. D. Pennsylvania.

Jan. 29, 1982.

Earl L. Sappington, pro se.

David M. Donaldson, Asst. Atty. Gen., Philadelphia, Pa., Charles D. Shields, Harrisburg, Pa., for defendants.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Plaintiff, Earl L. Sappington ("Sappington"), brings this action *pro se* against certain state officials alleging violations of 42 U.S.C. §§ 1983 and 1985(2). In his second amended complaint, Sappington asserts that his Fourteenth Amendment rights to equal protection of the laws and due process of law were violated when these state officials required him to pay a tax of $173.68 in order to obtain Pennsylvania registration of a 1974 Mercury Comet, which he alleges to be a gift to his wife from her father, a North Carolina car dealer. Sappington seeks return of the $173.68 which he paid under protest, plus interest, $20,000 in compensatory damages, $30,000 in punitive damages, and the costs of this action.

Before the court is defendants' motion to dismiss.[1] The motion is styled as one to dismiss for failure to state a claim upon which relief can be granted, but in light of defendants' exclusive reliance on *Fair Assessment in Real Estate Association v. McNary*, —— U.S. ——, 102 S.Ct. 177, 70 L.Ed.2d 271 (1981), it is treated more appropriately as one to dismiss for lack of subject matter jurisdiction. *Compare* Fed.R.Civ.P. 12(b)(6) *with* Fed.R.Civ.P. 12(h)(3). For the reasons discussed below, defendants' motion to dismiss will be granted.

On December 1, 1981, the Supreme Court held that,

taxpayers are barred by the principal of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided, of course, that those remedies are plain, adequate and complete, and may ultimately seek review of the state decisions in this Court.

*Fair Assessment, supra* —— U.S. at ——, 102 S.Ct. at 186. *Fair Assessment* involved a suit for damages by property owners against various Missouri officials connected with the administration of a county property tax. The property owners alleged that disparate and retaliatory property assessments had deprived them of equal protection and due process under the law. The Court found such an action an improper intrusion upon the state's administration of its tax system in that it permitted taxpayers to invoke federal jurisdiction without first allowing the state to rectify any alleged impropriety, and disrupted the state's system of revenue collection because so many state tax collection officials ("virtually every key tax official in the county") could be summoned into federal court. *Fair Assessment, supra* —— U.S. at ——, 102 S.Ct. at 186.

*Fair Assessment* controls this case. The defendants are also numerous state officials, including not only a Hearing Examiner but also the Attorney General. Procedures for collection and administration of a state-wide sales and use tax here, just as the county-wide property tax there, are

> complex and necessarily designed to operate according to established rules.... If federal ... relief were available ... state tax administration might be thrown into disarray, and taxpayers might escape the ordinary procedural requirements imposed by state law.

*Fair Assessment, supra* at —— U.S. at ——, n.6, 102 S.Ct. at 182, n.6 (quoting J. Brennan's concurring and dissenting opinion in *Perez v. Ledesna*, 401 U.S. 82, 128–

---

1. The motion was filed by counsel representing all defendants except Frederick D. Clark.

129, n.17, 91 S.Ct. 674, 699, n.17, 27 L.Ed.2d 701 (1971)).[2]

Whether plaintiff's state remedies here are "plain, adequate and complete," must be determined. *Fair Assessment, supra* ⸺ U.S. at ⸺, 102 S.Ct. at 186. The Court has directed federal courts to look to the numerous federal decisions treating the adequacy of state remedies in determining whether plaintiffs seeking protection of federal rights in federal courts should be remitted to state remedies. *Fair Assessment, supra* ⸺ U.S. at ⸺, n.8, 102 S.Ct. at 186, n.8. An adverse determination by the Pennsylvania State Board of Finance and Review can be appealed as of right to the Commonwealth Court; Pa.R.App.P. 1571.[3] However, such an action must be commenced within 30 days of the Board's determination. *Id.*[4] In Sappington's case, the Board of Finance and Review sustained the Sales Tax Board of Review on December 18, 1974. (Second Amended Complaint at ¶ 6). Sappington did not seek review in the state courts but commenced this action on August 22, 1978 instead. It is likely that the appropriate state action is now time barred.

 The Court found no significant difference between plain, adequate and complete state remedies and those which are plain, speedy and efficient within the meaning of the Tax Injunction Act. *Fair Assessment, supra* ⸺ U.S. at ⸺, n.8,

102 S.Ct. at 186, n.8. Case law under the Tax Injunction Act does not hold state remedies inadequate because they are time barred. The test under the Tax Injunction Act is whether a state remedy ever existed for the plaintiffs. The fact that it is not available under state law because of the passage of time does not render the remedy insufficient. Thus, *Bonin v. Gannon*, 494 F.Supp. 78, 81 (M.D.Pa.1980), held that plaintiffs' failure to use the statutory method for challenging improper assessments in a timely manner barred their federal § 1983 action. *Accord, Aluminum Company of America v. Department of Treasury*, 522 F.2d 1120 (6th Cir. 1975) (state statute of limitations expired on day plaintiff commenced federal suit; state remedy adequate); *Kistner v. Milliken*, 432 F.Supp. 1001 (E.D.Mich.1977).

Mr. Sappington could have obtained judicial review in the state courts; he did not do so. Instead, he commenced this federal action almost four years later. The decision in *Fair Assessment* deprives him of the jurisdictional right to proceed in federal court when, as here, an adequate state remedy is or has been available.[5]

---

**2.** The court did not decide in *Fair Assessment, supra* ⸺ U.S. at ⸺, n.4, 102 S.Ct. at 181, n.4, whether the federal equitable principles of comity would bar a claim under § 1983 "which requires no scrutiny whatever" of state tax practices, such as a facial attack on tax laws colorably claimed to be discriminatory as to race. *See, Garrett v. Bamford*, 538 F.2d 63 (3d Cir.), *cert. denied*, 429 U.S. 977, 97 S.Ct. 485, 50 L.Ed.2d 585 (1976). This is not such a case.

**3.** This appears to be an exclusive means of review. *See, generally, Pentz v. Commonwealth*, 110 F.Supp. 809 (E.D.Pa.1953) and *Westinghouse Broadcasting Co. v. Commonwealth*, 14 Pa.Cmwlth. 59, 321 A.2d 413 (1974); *cf., Forrest C. Gearhart, Inc. v. Commonwealth*, 27 Pa.Cmwlth. 70, 365 A.2d 908 (1976) (statutory procedure for challenging Bureau of Sales and Use Tax is an exclusive remedy which bars an equitable declaratory judgment action); *Broomall Terrace, Inc. v. Commonwealth*, 46

Pa.Cmwlth. 577, 406 A.2d 1212 (1979) (two statutory procedures for contesting action of taxing authorities are mutually exclusive).

**4.** Pennsylvania Rule of Appellate Procedure 1571 superceded 72 Pa.Stat.Ann. § 1104, which also provided for a 30-day period in which to seek judicial review. That statute replaced 72 Pa.Stat.Ann. § 3403–544 which had allowed 60 days.

**5.** We assume this jurisdictional bar would apply to plaintiff's 42 U.S.C. § 1985(2) claim. In the alternative, we note, *sua sponte*, that plaintiff fails to allege the class-based invidious discriminatory animus necessary to state a claim under that statute. *See, Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Brawer v. Horowitz*, 535 F.2d 830 (3d Cir. 1976).