Eric L. Lilian and Judith Lilian, His Wife, et al., Plaintiffs, *v.* Commonwealth of Pennsylvania and Robert Kane, Secretary of Revenue, Defendants.

Argued September 5, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Paul D. Sulman,* with him *Eric L. Lilian,* for plaintiffs.

*Edward T. Baker,* Deputy Attorney General, for defendants.

OPINION BY JUDGE CRUMLISH, JR., November 13, 1973:

Plaintiffs have filed this Complaint in Equity against the Commonwealth of Pennsylvania and Robert Kane, Secretary of Revenue, to compel Defendant Kane to account and pay to Plaintiffs, and the class they allegedly represent, that portion of the Pennsylvania Sales Tax attributable to the Federal Manufacturers' Excise Tax which was retroactively repealed and rebated on new automobiles and trucks purchased in Pennsylvania between August 16, 1971 and December 11, 1971. Preliminary Objections were filed by the Defendants alleging first, that this Court is without jurisdiction to entertain the instant equity action as Sections 252 to 255 of the Tax Reform Code of 1971, Act of March 4, 1971, P. L. 6, No. 2, Art. II, §252 to §255, 72 P.S. §7252 to §7255, provide Plaintiffs with an adequate remedy at law; and secondly, that the complaint fails to state a cause of action as the affirmative relief sought is barred by the Defendant's sovereign immunity. A Protective Order was subsequently entered by President Judge BOWMAN of this Court upon Defend-

ant's motion after Defendant Kane was served by Plaintiffs with a "Notice of Oral Deposition." We must sustain the Preliminary Objections.

In *Rochester & Pittsburgh Coal Co. v. Indiana Board of Assessment & Revision of Taxes,* 438 Pa. 506, 508, 266 A. 2d 78 (1970) our Supreme Court delineated the prerequisites of equity jurisdiction in cases involving actions by taxing authorities: "In a positive sense, what is required to confer jurisdiction on an equity court is the existence of a substantial question of constitutionality (and not a mere allegation) *and* the absence of an adequate statutory remedy."[1] (Emphasis supplied.) *See also Allegheny County, Southern District Tax Assessment Appeals,* 7 Pa. Commonwealth Ct. 291, 298 A. 2d 643 (1972). Although Plaintiffs fail to allege a constitutional question, and thus do not satisfy the first jurisdictional requirement enunciated in *Rochester & Pittsburgh Coal Co.,* we base our dismissal of the Complaint on a finding that Sections 252 to 255 of the Tax Reform Code of 1971 provide Plaintiffs with an adequate and complete remedy at law.

Section 252 of the Tax Reform Code of 1971 requires the Department of Revenue (Department) to "refund all taxes, interest and penalties paid to the Commonwealth under the provisions of this article and to which the Commonwealth is not rightfully entitled." A refund petition may be filed with the Department under Section 253 by any person who actually paid the tax within three years of such payment. An extended filing period of five years from the date of payment is provided for by Section 253(d) should a court of competent jurisdiction subsequently find a provision under which the tax was paid to be unconstitutional or an interpretation of such provision to be erroneous. Should a refund petitioner be dissatisfied with a decision of

---

[1] Footnote omitted.

the Department, he has a right of appeal to the Board of Finance and Revenue (Board) and from there to this Court, pursuant to Sections 254 and 255 respectively.

In considering the adequacy of this statutory remedy, we start with the proposition, well established under Pennsylvania law, that a refund of taxes voluntarily paid is a matter of legislative grace. *Universal Film Exchanges, Inc. v. Board of Finance and Revenue,* 409 Pa. 180, 185 A. 2d 542 (1961); *Longstreth, et al. v. Kane and Sloan,* 3 Pa. Commonwealth Ct. 311 (1971). And where such refund has been statutorily authorized, strict compliance with the procedures so established is required. *Box Office Pictures, Inc. v. Board of Finance and Revenue,* 402 Pa. 511, 166 A. 2d 656 (1961); *Land Holding Corp. v. Board of Finance and Revenue,* 388 Pa. 61, 130 A. 2d 700 (1957); Statutory Construction Act of 1972, Act of December 6, 1972, P. L.      (Act No. 290) 1 Pa. S. §1504. Plaintiffs do not aver compulsion or duress in the payment of that portion of the Pennsylvania Sales Tax attributable to the rebated Federal Excise Tax, and therefore we must assume the tax was voluntarily paid. *Box Office Pictures, Inc. v. Board of Finance and Revenue,* 402 Pa. 511, 166 A. 2d 656 (1961).

The Supreme Court of Pennsylvania, in *Graybill & Bushong, Inc. v. Board of Finance and Revenue,* 414 Pa. 70, 198 A. 2d 316 (1964), was confronted with the question of the appropriate procedure for obtaining a refund following the retroactive exclusion by the Legislature of certain items under the then existing sale and use tax. The Court there held that its review of actions by the Board on refund petitions was by narrow certiorari rather than the previously available mandamus, and, more pertinent to the instant case, that the refund provisions of Section 553 of the Selective Sales and Use

Tax Act of 1956[2] supplanted Section 503 of the Fiscal Code of 1929[3] as the *exclusive* means by which a refund may be obtained. Section 253 of the Tax Reform Code of 1971 is a reenactment of Section 553 of the Selective Sales and Use Tax Act,[4] and we believe it is to be implicit in the holding of *Graybill* that this statutory remedy is adequate and complete.

Plaintiffs, while admitting that the remedy provided by Section 253 of the Tax Reform Code of 1971 might be adequate for individual refund petitioners, assert that the remedy is unavailable to the *class* Plaintiffs represent, because refunds can only be made to the "person, his heirs, successors, assigns or other person representatives, who actually paid the tax." (72 P.S. §7252). The thrust of this argument is that it would not be feasible for each purchaser of an automobile during the four month period for which the Federal Excise Tax was rebated to petition the Department of Revenue, then the Board of Finance and Revenue and eventually this Court for a refund which in many cases would total less than $10.00. There is nothing in the record, however, to suggest that individual petitions would be denied by either the Department or the Board. Moreover, the "class" of taxpayers allegedly represented by Plaintiffs would be adequately protected were Plaintiffs to exhaust their administrative remedies and have this Court declare their right to a refund. In such a case Section 253(d) would allow all similarly situated taxpayers to file a refund petition within five years of actual payment of the tax, thus alleviating the subsequent appeal procedure alleged to be impractical by Plaintiffs.

---

[2] Act of March 6, 1956, P. L. (1955) 1228, as amended, 72 P.S. §3403-553.

[3] Act of April 9, 1929, P. L. 343, as amended, 72 P.S. §503.

[4] Act of September 9, 1971, P. L. 437, No. 105, 72 P.S. §7281.1.

As we find the statutory remedy provided by Sections 253 to 255 of the Tax Reform Code of 1971 to be adequate and complete for Plaintiffs and the class they represent, we need not consider whether the action is barred by the Commonwealth's sovereign immunity.

ORDER

AND NOW, this 13th day of November, 1973, the Preliminary Objections of the Defendants are hereby sustained.