Aldine Apartments, Inc., t/a Academy Apartments, et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Revenue, Philadelphia Electric Company, Philadelphia Gas Works and Bell of Pennsylvania, Respondents.

Argued September 14, 1977, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt.

*Robert R. Guzzardi*, for petitioners.

*Paul S. Roeder,* Deputy Attorney General, for respondent, Commonwealth.

*Albert J. Tomalis, Jr.,* with him *Keefer, Wood, Allen and Rahal,* for respondents, Philadelphia Electric Company and The Bell Telephone Company.

*Edward D. McDevitt,* with him, of counsel, *Stack & Gallagher,* for respondent, Philadelphia Gas Works.

OPINION BY PRESIDENT JUDGE BOWMAN, November 2, 1977:

Petitioners, who are apartment house owners, have filed in this Court a class action petition for review in the nature of a complaint in equity on behalf of themselves and all other apartment house owners similarly situated. The petition for review seeks, *inter alia,* an injunction against the imposition, levy and collection of Pennsylvania sales tax as applied to petitioners' purchase of steam, natural and manufactured gas, electricity and intrastate telephone services for the apartment units they own;[1] an accounting for and

---

[1] Section 202(a) of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7202(a), imposes a six percent tax upon the "sale at retail of tangible personal property or services, as defined herein. . . ." Section 201(m) of the Code, 72 P.S. §7201(m), defines "tangible personal property" to include, *inter alia,* steam, natural and manufactured gas for nonresidential

a refund of the sales tax paid by petitioners on these purchases from the initial date of collection of such tax; and a declaration that certain regulations of the Department of Revenue and certain provisions of the Tax Reform Code of 1971 are unconstitutional.[2]

Each of the four named respondents, the Department of Revenue, Philadelphia Electric Company, Philadelphia Gas Works, and The Bell Telephone Company of Pennsylvania, has filed preliminary objections to the petition for review seeking dismissal of the action as against it. For the reasons discussed below, we sustain the preliminary objections of each respondent.

Respondent, Department of Revenue, argues that our decision in *Lilian v. Commonwealth* 11 Pa. Commonwealth Ct. 90, 311 A.2d 368 (1973), *aff'd*, 467 Pa. 15, 354 A.2d 250 (1976), is controlling as to its preliminary objections regarding jurisdiction of a court of equity. We agree. In *Lilian v. Commonwealth, supra*, we sustained the Commonwealth's preliminary objections to a class action in equity filed to compel refund of disputed payments of Pennsylvania sales tax. Citing *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment & Revision of Taxes*, 438 Pa. 506, 266 A.2d 78 (1970), we stated that the prerequisites of equity jurisdiction in cases involving

use, electricity for nonresidential use and telephone service for nonresidential use. Section 201(m) excludes from the definition of "tangible personal property," and hence exempts from taxation, "steam, natural and manufactured and bottled gas, fuel oil, electricity or intrastate telephone or telegraph service when purchased directly by the user thereof solely for his own residential use."

[2] Specifically, petitioners contend that the exclusion established in Section 201(m) of the Code is unconstitutional in that it unreasonably classifies residential users on the basis of whether their use of utilities is metered or unmetered. Petitioners also challenge the validity of Department of Revenue, Bureau of Sales and Use Tax Regulations 100 and 209.

actions against taxing authorities are " '. . . the existence of a substantial question of constitutionality (and not a mere allegation) *and* the absence of an adequate statutory remedy.' " *Lilian v. Commonwealth, supra* at 92, 311 A.2d at 369 (emphasis in original). We based our holding in *Lilian* on the fact that "Sections 252 to 255 of the Tax Reform Code of 1971 provide Plaintiffs with an adequate and complete remedy at law." *Lilian v. Commonwealth, supra* at 92, 311 A.2d at 369.

Likewise, in the case at bar, petitioners have available to them the statutory refund procedure set forth in Sections 252, 253, 254 and 255 of the Code, 72 P.S. §§7252-7255. Petitioners' argument that "[i]t is a vain and futile act to pursue the administrative and statutory procedures set forth in the Tax Reform Code of 1971 and pursuing such procedures serves no useful purposes except to delay the resolution of Petitioners' claims" is totally without merit. Indeed, the named petitioners, notwithstanding their asserted class action on behalf of all taxpayers similarly situated, have each pursued the statutory refund procedure, and appeals by each of them are presently pending in this Court from adverse determinations by the Board of Finance and Revenue. In pursuing this statutory refund procedure and by attempting to maintain this suit at the same time, not only are petitioners' qualifications to maintain a class suit placed in grave doubt but their actions belie their assertion that the remedy at law is inadequate.

Furthermore, the following language of the Supreme Court in *Lilian v. Commonwealth,* 467 Pa. 15, 21, 354 A.2d 250, 253-54 (1976), is instructive here:

The class action in Pennsylvania is a procedural device designed to promote efficiency and fairness in the handling of large numbers of similar claims; class status or the lack of it is ir-

relevant to the question whether an action is to be heard in equity or at law or whether, indeed, either form is available in light of the statutory remedy. With no independent basis for equity jurisdiction appellants cannot generate it simply by alleging class status. See Klemow v. Time, Inc., 466 Pa. 189, 352 A.2d 12 (1976). (Footnote omitted.)

While our discussion above concerning the existence of an adequate remedy at law and the impropriety of a class action applies with equal force to the preliminary objections of respondents, Philadelphia Electric Company, Philadelphia Gas Works and The Bell Telephone Company of Pennsylvania, as to this Court's jurisdiction, each of these respondents has additionally demurred on the ground that, even if petitioners are entitled to a refund of the sales tax paid, no refund is obtainable from them. These demurrers are sound and are sustained.

Section 225 of the Code, 72 P.S. §7225, provides: "All taxes collected by any person from purchasers in accordance with this article and all taxes collected by any person from purchasers under color of this article which have not been properly refunded by such person to the purchaser *shall constitute a trust fund for the Commonwealth. . . .*" (Emphasis added.) Section 237(b)(1) of the Code, 72 P.S. §7237(b)(1), requires persons collecting sales tax to "remit the tax to the department." Section 252 of the Code provides that the *Department of Revenue* shall refund all taxes collected pursuant to the Code "to which the Commonwealth is not rightfully entitled." Thus, it is clear from these provisions of the Code that only the Department of Revenue could refund the taxes which petitioners seek. Respondents are merely collecting agents and, legally, can play no role in the refund of these taxes. Therefore, the petition for review fails

to state a cause of action as to these three respondents.

## ORDER

Now, November 2, 1977, the preliminary objections of respondents, Department of Revenue, Philadelphia Electric Company, Philadelphia Gas Works and The Bell Telephone Company of Pennsylvania, are hereby sustained and the petition for review is hereby dismissed.