William McConnell and Richard McConnell, Petitioners *v.* Commonwealth of Pennsylvania, Department of Revenue, Respondent.

Argued April 8, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., MENCER, ROGERS, CRAIG, MACPHAIL and WILLIAMS, JR. Judge BLATT did not participate.

*Mitchell A. Kramer,* with him *Alice G. Burt, Kramer & Salus,* and *Richard F. Stern,* for petitioners.

*Paul S. Roeder,* Deputy Attorney General, for respondent.

OPINION BY JUDGE MENCER, July 1, 1980:

William McConnell and Richard McConnell (petitioners), executors of the estate of John McConnell, on behalf of themselves and all other parties similarly situated, have filed a "class petition for review"[1] challenging the validity of a provision in the regulations of the Department of Revenue promulgated pursuant to the Senior Citizens Property Tax or Rent Rebate Act (Act), Act of March 11, 1971, P.L. 104, *as amended,* 72 P.S. §4751-1 et seq. The provision, found at 61 Pa. Code §401.43(a), provides as follows:

> A claim for a property tax rebate or rent rebate in lieu of property taxes may be filed by the personal representative of a decedent's es-

---

[1] Although the exact nature of petitioners' claim is not apparent from their petition, since they have invoked both our original jurisdiction pursuant to Section 761 of the Judicial Code, 42 Pa. C.S. §761, and our appellate jurisdiction pursuant to Section 763 of the Code, 42 Pa. C.S. §763, we will treat their petition as a petition for review addressed to our original, equitable jurisdiction for the following reasons:

1. Petitioners are not appealing from any final adjudication.

2. Both parties have treated the action, which was commenced by the filing of a writ of summons in equity, as seeking equitable relief.

tate if, and only if, the decedent were alive on or after January 1 of the year next succeeding the calendar year for which a rebate is claimed.

Petitioners allege that this provision is unreasonable, since it denies a rebate to the estates of senior citizens who die during the year in which the real estate taxes or rents are paid, while allowing a rebate to those who survive until January 1 of the next tax year. Claiming that this provision bears no reasonable relation to the purposes of the Act, petitioners request this court to declare the present case a class action and, upon finding the provision at 61 Pa. Code §401.43(a) invalid, enter judgment for all members of the class in the amount of the rebate allegedly due to them.

Respondent has filed preliminary objections to the petition, alleging, among other objections, that petitioners have an adequate remedy at law which precludes this court from exercising equity jurisdiction.[2] We agree.

It is well established that the prerequisites of equity jurisdiction in cases involving taxing authorities are (1) the existence of a substantial question of constitutionality and (2) the absence of an adequate statutory remedy. *Rochester & Pittsburgh Coal Co. v. Indiana County Board of Assessment,* 438 Pa. 506, 266 A.2d 78 (1970); *Aldine Apartments, Inc. v. Department of Revenue,* 32 Pa. Commonwealth Ct. 296, 379 A.2d 333 (1977); *Lilian v. Commonwealth,* 11 Pa. Commonwealth Ct. 90, 311 A.2d 368 (1973), *aff'd,* 467 Pa. 15, 354 A.2d 250 (1976).

Here, petitioners raise no question of constitutionality and thus, on this basis alone, are not entitled to relief. Nevertheless, we have also examined the statutory remedy for determining a rebate claim,

---

[2] Since we find this objection to be dispositive, we need not consider the respondent's remaining objections.

which is available to petitioners pursuant to Sections 11.1, 11.2, and 11.3 of the Act, 72 P.S. §§4751-11.1 to .3, and find that remedy to be adequate.[3] Thus, petitioners have additionally failed to meet the second requirement for equity jurisdiction.

Petitioners argue, however, that the remedy provided by the Act is not adequate because it does not protect the rights of all of the members of the class that petitioners seek to represent. Specifically, they claim that, since some of the class members did not file a claim for a rebate with the Department of Revenue within the time provided by Section 5 of the Act, 72 P.S. §4751-5, those class members will be precluded from obtaining a rebate even if it is eventually decided that the provision in 61 Pa. Code §401.43(a) is invalid. This argument is without merit. That other members of the class may have failed to pursue the statutory remedy available to them and may now be barred from doing so does not render that remedy inadequate. As the Superior Court stated in an analogous situation in *Jostan Aluminum Products Co., Inc. v. Mount Carmel District Industrial Fund*, 256 Pa. Superior Ct. 353, 360, 389 A.2d 1160, 1164 (1978), " '[u]nder most authorities, the mere fact that the statute of limitations would bar a remedy at law is no ground in itself for applying to equity for relief unless plaintiff was prevented from suing by defendant's act.' " (Citations omitted.)

---

[3] Petitioners presently have a claim pending before the Department of Revenue, the very existence of which indicates that an administrative remedy has been made available to petitioners and to those members of the class who have chosen to pursue it. As we said in *Aldine Apartments, Inc. v. Department of Revenue, supra*, 32 Pa. Commonwealth Ct. at 299, 379 A.2d at 335, "[i]n pursuing this statutory refund procedure and by attempting to maintain this suit at the same time, not only are petitioners' qualifications to maintain a class suit placed in grave doubt but their actions belie their assertion that the remedy at law is inadequate."

In the absence of any indication that the members of the class were prevented from pursuing their statutory remedies, we must conclude that an adequate remedy was made available to them. Furthermore, the availability or nonavailability of a remedy to other members of the class has no bearing on the fact that petitioners themselves have an adequate remedy at law and thus do not have the independent basis for jurisdiction required by the Supreme Court's decision in *Lilian v. Commonwealth*, 467 Pa. 15, 21, 354 A.2d 250, 254 (1976), which stated: "With no independent basis for equity jurisdiction [petitioners] cannot generate it simply by alleging class status."

Accordingly, we enter the following

ORDER

Now, this 1st day of July, 1980, the preliminary objections of the respondent, Commonwealth of Pennsylvania, are hereby sustained, and the petition for review filed by William McConnell and Richard McConnell is hereby dismissed.