432 A.2d 1062

**Ronald L. TREVELLINI and Kathleen A. Trevellini, his wife, Appellants,**

v.

**WEST REALTY COMPANY, a corporation.**

Superior Court of Pennsylvania.

Submitted Nov. 13, 1980.

Filed July 17, 1981.

John M. O'Connell, Jr., Greensburg, for appellants.

Robert W. Goehring, Pittsburgh, for appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

The complaint in this case alleges that, in 1971, appellants Trevellini purchased a tract of land from a real estate brokerage then known as West Realty Company. West reserved a right-of-way across the lot for pipeline construction. Some time thereafter, the Trevellinis built a home on the lot. West subsequently allowed construction of a pipeline through a portion of the Trevellinis' lot not within the right-of-way. The Trevellinis allege that they incurred expense in repairing their property.

The Trevellinis filed their complaint in 1977, naming as defendant "West Realty Company." The sheriff's return shows that the complaint was served on the "secretary in charge" at the offices of West Realty Company. Thirty-two days later,[1] West filed a pleading which it called preliminary

---

1. Pa. R. Civ. P. 1026 requires that "[e]very pleading subsequent to the complaint be filed within twenty (20) days after service of the

objections in the nature of a demurrer. This document alleged that West was not the "West Realty Company" that had sold the land to the Trevellinis. The court below sustained the preliminary objections.[2]

It is obvious that West's pleading has been improperly styled "in the nature of a demurrer." West has therein not demurred at all to the complaint, but rather has denied the allegation that it caused the Trevellinis pecuniary damage. In light of our resolution of this appeal, however, we need not consider this mistake further. Also arising on this record is the possibility that this appeal is interlocutory, since the lower court's order which is challenged herein does no more than purport to sustain West's preliminary objections. Generally, an order sustaining preliminary objections which does not also dismiss the complaint, or otherwise terminate the action, is interlocutory. *Hudock v. Donegal Mutual Ins. Co.*, 438 Pa. 272, 276, 264 A.2d 668, 671 (1970). But, such an order "is definitive and therefore appealable where it so restricts the pleader in respect of further amendment as virtually to put him out of court on the cause of action which he seeks to litigate." *Rabben v. Steinberg*, 187 Pa.Super. 28, 31, 142 A.2d 400, 401 (1958). The order in the case before us has indeed foreclosed any further action on the part of the Trevellinis, because they have named as defendant only the corporation whose motions have been sustained, and the order does not allow amendment of the complaint. Since the statute of limitations has expired and since the Trevellinis have not alleged that the identity of the defendant was fraudulently withheld or concealed, they may not amend their complaint. Pa.R.Civ.P. 1019(b); *See Saraci-*

preceding pleading. . . ." Since plaintiff did not move to strike, however, we assume that they have waived their right to assert this violation of the rules.

**2.** The record herein contains interrogatories which were propounded by the Trevellinis and answered by West. Interrogatories were unnecessary and improper at the stage at which they were introduced; we have, therefore, not considered them. *International Union of Operating Engineers v. The Linesville Construction Company*, 457 Pa. 220, 322 A.2d 353 (1974).

88

*na v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965); *De Rugeriis v. Brener,* 237 Pa.Super. 177, 348 A.2d 139 (1975).

█ It is clear that allegations such as those of West, viz., that they were not the company from which the Trevellinis bought their land, cannot be raised by preliminary objections. This factual argument based on the theory of misidentification falls within none of the categories to which Pennsylvania Rule of Civil Procedure 1017(b) restricts preliminary objections. Such a defense should have been raised in an Answer. *See* Pa.R.Civ.P. 1017(a).

Because West's contentions were raised in a manner not permitted by the civil procedure rules, the court below erred in considering them and, *a fortiori,* in sustaining them.

The lower court's order is vacated, West's preliminary objections are dismissed, and the cause remanded for further proceedings.