482 A.2d 1065

**Thomas ELLING, Appellant,**

v.

**Emanuel CALLAS, Deanna Callas.**

Superior Court of Pennsylvania.

Argued June 21, 1984.

Filed Oct. 5, 1984.

Reversed and remanded with directions.

Ralph J. Ruggiero, Pittsburgh, for appellant.

Leo Kostman, Pittsburgh, for appellees.

Before TAMILIA, JOHNSON and MONTGOMERY, JJ.

## OPINION

JOHNSON, Judge:

Plaintiff-appellant, Thomas Elling, takes this appeal from the order of the trial court sustaining defendant-appellees' demurrer to appellant's complaint in equity and dismissing the complaint. Appellant now argues that the trial court erred in denying appellant's motion to strike appellees' preliminary objections as an improper "speaking demurrer." We find appellant's argument to have merit and we reverse the order of the trial court and remand for further proceedings.

The herewithin action was initiated by appellant in equity by Complaint to Set Aside Fraudulent Conveyances, an action based on the Uniform Fraudulent Conveyance Act, the Act of May 21, 1921, P.L. 1045, No. 379, 39 P.S. §§ 351 et seq. (1954). In his complaint, appellant alleged that on September 27, 1976, appellee Emanuel Callas struck appellant twice in the mouth, severely lacerating appellant's left cheek. Thereafter, appellant initiated a trespass action against Mr. Callas, which ultimately resulted in a jury verdict on April 30, 1980, in favor of appellant for $12,-000.00. A few months later, on October 29, 1980, Mr. Callas filed a voluntary petition in bankruptcy. Appellant, however, filed an adversary action in which he asked the bankruptcy court to specially except the judgment held by appellant. The court accepted appellant's arguments, and the court ruled that the judgment held by appellant against

appellee Emanuel Callas would not be discharged because it arose from a malicious injury.

Appellant then filed the herewithin complaint in equity, alleging, in relevant part:

9. Emanuel Callas and Deanna Callas are husband and wife and own a house at 509 Ridge Avenue, East Pittsburgh, PA, as tenants by the entireties.

10. Defendant Emanuel Callas has conveyed, applied, and paid in his earnings towards the purchase and/or satisfaction of a mortgage upon the aforesaid entireties realty.

11. Defendant Emanuel Callas has in addition conveyed his earnings to defendant Deanna Callas, who holds such in her own name in the form of bank accounts, stocks, bonds and/or other pecuniary funds and/or motor vehicles.

12. In consequence of the aforesaid conveyances, defendant was rendered insolvent in that at such time, he had insufficient assets to pay his debts as they matured.

In response, appellees filed pleadings captioned "Defendant's [sic] Preliminary Objections, Demurrer and New Matter." In turn, appellant filed preliminary objections to appellees' preliminary objections, etc. The trial court, after hearing argument, sustained appellees' demurrer and dismissed appellant's complaint and subsequent preliminary objections. The court refused appellant's request to be allowed to amend his complaint.

Appellant now argues that the trial court erred in denying appellant's motion to strike appellees' preliminary objections as an impermissible speaking demurrer. We find appellant's argument to have merit. The rules of procedure are very clear as to what type of issues may be raised in preliminary objections. Specifically, at the time appellant's objections were before the trial court, Pa.R.C.P. 1017(b) provided:

(b) Preliminary objections are available to any party *and are limited to*

(1) a petition raising a question of jurisdiction or venue or attacking the form or service of a writ of summons;

(2) a motion to strike off a pleading because of lack of conformity to law or rule of court or because of scandalous or impertinent matter;

(3) a motion for a more specific pleading;

(4) a demurrer, which may include the bar of a non-waivable statute of limitations or frauds which bars or destroys the right of action and the applicability of which appears on the face of the complaint of action.

(emphasis added).

A review of appellees' preliminary objections reveals these pleadings as not being in line with Rule 1017. Rather, appellees' "objections" are really little more than lengthy assertions of alleged additional facts. Indeed, by way of introduction to their "objections," appellees make this statement: "[I]n order to determine this matter, the following is additionally submitted." It should be noted that appellees' pleadings do not purport to be, nor do they comply with the requirements for, a responsive pleading. *See* Pa.R.C.P. 1029.

Notwithstanding the serious procedural defects inherent in appellees' objections, the trial court accepted as true all of the allegations of fact contained therein, in addition to some other allegations of fact apparently raised at argument on the motions. Relying on these allegations, the court held that all of the conveyances alleged in the complaint were for a fair consideration and were not fraudulent.

In a procedurally comparable case, we made these comments regarding the improper assertion of facts by way of preliminary objections:

It is clear that allegations such as those of [defendant] ... cannot be raised by preliminary objections. This factual argument ... falls within none of the categories to which Pennsylvania Rule of Civil Procedure 1017(b) restricts preliminary objections. Such a defense should have been raised in an Answer. *See* Pa.R.Civ.P. 1017(a).

36

Because [defendant's] contentions were raised in a manner not permitted by the civil procedure rules, the court below erred in considering them and, *a fortiori*, in sustaining them.

*Trevellini v. West Realty Company,* 289 Pa.Super. 84, 88, 432 A.2d 1062, 1064 (1981).

The *Trevellini* rationale applies with equal force to the instant matter. Therefore, we find that the trial court erred in refusing to strike appellees' "preliminary objections."

The lower court's order, sustaining appellees' preliminary objections and dismissing appellant's complaint, is reversed and the matter is remanded with directions that an order be entered striking appellees' preliminary objections.