583 A.2d 442

Robert MANLEY, Appellant,

v.

COST CONTROL MARKETING AND MANAGEMENT, INC., Spectrum Abstract Corp., and Penn Title Insurance Co., and Preferred Builders, Inc., and Northeastern Bank of Pennsylvania, Appellees.

Superior Court of Pennsylvania.

Argued Sept. 5, 1990.

Filed Dec. 6, 1990.

Maria M. Chesterton, Stroudsburg, for appellant.

Robert M. Maskrey, Jr., Asst. Dist. Atty., Stroudsburg, for appellee Spectrum.

John C. Prevoznik, Stroudsburg, for appellee Penn Title.

Before OLSZEWSKI, DEL SOLE and HUDOCK, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order dismissing four counts of a ten count complaint and granting Appellant leave to amend another count. Upon review of the issues presented in this appeal we affirm the trial court with respect to the dismissal of Counts VII and VIII, but decline to consider the propriety of the court's action with respect to the remaining counts since this portion of the court's order is interlocutory and not appealable.

The Complaint at issue alleged the following facts: Appellant entered an Agreement of Sale with Appellee Cost Control Marketing and Management, Inc. (CCM). In return for the sum of thirty-six thousand dollars, CCM was to convey an unimproved parcel of land to Appellant, free and clear of all liens and encumbrances. Prior to closing, Appellant contracted with Appellee, Spectrum Abstract Corp. (Spectrum), a real estate abstractor and policy writing agency, for the purpose of obtaining a title insurance commitment. An interim binder was never issued prior to closing which occurred on August 25, 1988. A policy of title insurance was later issued on September 8, 1988 by Appellee, Penn Title Insurance Company (Penn Title) who had as its policy writing agent, Spectrum. It is further alleged in the Complaint that the property conveyed to Appellant contains a predominance of wetlands, a fact of which he was not made aware prior to his purchase of the property.

Subsequent to the filing of preliminary objections, the trial court dismissed four counts of the complaint, which included the counts against Spectrum and Penn Title, and granted Appellant leave to amend one of its counts against CCM. "As a general rule, an order dismissing some but not all counts of a multi-count complaint is interlocutory and not appealable." *Praisner v. Stocker*, 313 Pa.Super. 332, 337 459 A.2d 1255, 1258 (1983). However, the dismissal of a

complaint as to one of several defendants is a final and appealable order. *United States Bank in Johnstown v. Johnson*, 506 Pa. 622, 629, 487 A.2d 809 (1985). Clearly the trial court's action dismissing Counts VI and VII are the proper subject of appellate review since the dismissal eliminated Appellant's causes of action against both Spectrum and Penn Title. Because the propriety of an appeal as to these counts is easily ascertained, we will go on to examine the merits of their dismissal before considering the dismissal of the remaining two counts.

In Counts VII and VIII Appellant alleges that both Spectrum and Penn Title "knew or should have known" of the wetlands designation. Spectrum was contracted to do a title search of the property for the purposes of title insurance and Penn Title issued such a policy of insurance. Appellant alleged that Spectrum is a controlled group of CCM, which fact it did not disclose, and that Spectrum breached its contract by failing to check certain records to determine if the property consisted of wetlands and by failing to inform Appellant of the risk of purchasing property subject to wetlands regulations. Appellant also claimed that Penn Title failed to warn the plaintiff of the wetlands designation by issuing a binder prior to closing and failed to promptly disclose this material fact. The Complaint asserts that Appellant justifiably relied upon Penn Title's expertise for which he was charged a fee.

The trial court granted Appellee's preliminary objections and dismissed these counts from the Complaint reasoning that the designation of lands as "wetlands" did not affect the title to the property, did not constitute a lien or encumbrance upon the real estate and did not render the property unmarketable. Noting that wetlands designations are regulations with a basis in both state and federal government which may limit the use of the land much as local municipal zoning ordinances and building codes, the court found no authority to support the position that title insurance companies are obligated to search public records and disclose wetlands designations.

Although we affirm the trial court's dismissal of Counts VII and VIII, we so without comment on the above rationale. Our decision instead rests entirely with the alternate reasoning provided by the trial court which addresses the policy language. The trial court found that the explicit language of the title insurance policy absolves Penn Title and Spectrum from liability.

Attached to Appellant's complaint as Exhibit "E" is a copy of the policy. It contains the following exclusion:

The following matters are expressly excluded from the coverage of this policy:

1. Any law, ordinance or governmental regulation (including but not limited to building and zoning ordinances) restricting or regulating or prohibiting the occupancy, use or enjoyment of the land. . . .

The court again acknowledged that a wetland designation is a governmental regulation restricting the use and enjoyment of the land and regulating the character, dimension and location of improvements erected on the land, a matter not disputed by Appellant. Furthermore, a specific exclusion regarding wetlands is contained in paragraph 10 of Schedule B of the policy. The policy provides:

THIS POLICY DOES NOT INSURE AGAINST LOSS OR DAMAGE BY REASON OF THE FOLLOWING:

. . . . .

10. Company assumes no liability for the possible designation of the premises insured hereunder as a Wetlands Area by any governmental authority.

Appellant's allegation regarding Appellees knowledge or ability to learn of the wetlands designation is irrelevant in view of the policy language. Likewise immaterial is Spectrum's relationship with CCM. Appellant asserts in his complaint that he contracted with Spectrum to provide title insurance, which it did through Penn Title. The extent of coverage need not be determined in this case because the matter at issue, a wetlands designation, is specifically excluded from coverage. *Contrast Sattler v. Philadelphia*

*Title Insurance Company,* 192 Pa.Super. 337, 162 A.2d 22 (1960) (where unexcepted, but invalid, liens clouded title to property covered by a policy of title insurance.)

Appellant further does not contend in his Complaint that he relied upon the Appellees assurances regarding the property prior to its purchase. Although Appellant alleges that he contracted with Spectrum prior to closing to provide title insurance, Appellant acknowledges that no binder was issued. Appellant purchased the property with the agreement that title insurance would be provided, but Appellant does not allege that the extent of that insurance or the specific exceptions which may have been detailed were given to him prior to closing. Since Appellant purchased the property and only later obtained title insurance, Appellant has not alleged any reliance upon those who were instrumental in providing that insurance. Appellant has not alleged that the Appellees contracted to provide title insurance prior to closing and through their fraudulent action he was forced to close without such insurance. Absent such allegations and in the light of the clear policy language, we conclude that the trial court properly ruled the Counts VII and VIII against Spectrum and Penn Title should be dismissed.

■ The trial court's rulings regarding certain of the remaining counts are also challenged by Appellant. With regard to Count II which complains of Fraud against CCM, Appellant contends that his pleadings set forth sufficient facts which give rise to a cause of action and that the court erred in concluding otherwise. The trial court ruled that Appellant failed to comply with Pa.R.C.P. Rule 1019(b) which requires that averments of fraud be pled with particularity; however, the court granted Appellant leave to amend his complaint. Because the trial court order specifically permits amendment, we find this portion of the trial court's ruling to be interlocutory and non-appealable. *Contrast Travellini v. West Realty Co.,* 289 Pa.Super. 84, 432 A.2d 1062 (1981); See also: Pa.R.A.P., Rule 301, note.

■ We reach the same conclusion with the remaining counts dismissed by the trial court. The court's decision to dismiss Counts III and IV is interlocutory and not appealable. These Counts merely set forth alternative theories of relief in an effort to seek the same relief contained in the remaining Counts.

In Count III of the Complaint Appellant alleges that CCM breached an "implied warranty or disclosure" since it knew of should have known of the wetlands and since it had reason to believe that Appellant would not have purchased the land had he been informed of this condition. These same facts are set forth in Count I and Count II to establish a breach of contract and a fraud claim. Moreover the relief requested by Appellant in Count III which includes an amount in excess of ten thousand dollars, plus interests, costs, legal fees and punitive damages is the same relief requested in the remaining counts.

Similarly with regard to Count IV in which Appellant seeks to have the transaction rescinded and to receive attorney fees and cost, these same requests for relief are contained elsewhere in Appellant's Complaint. Although Count IV alleges that CCM had an obligation "under Federal Lands Statutes, and regulations of the Office of Interstate Lands Sales, Department of Housing and Urban Development" to notify it of a possibility that the lot was located in a wetland area, the relief of rescission Appellant seeks in Count IV is also sought in Count VI entitled "Rescission."

Because the trial court's dismissal of Counts III and IV has not precluded Appellant from pursuing any cause of action against CCM, we conclude that an appeal from the trial court's decision would be premature. *Praisner v. Stocker, supra.* In reaching this decision we remain mindful that in order to ascertain whether an order is final we must look beyond the technical effect of the adjudication to its practical ramifications. *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975). In

so doing, we conclude that this appeal from the trial court's order must be affirmed in part and quashed in part.

Appeal from that portion of the trial court order dismissing Counts VII and VIII of Appellant's Complaint is affirmed. Appeal from that portion of the trial court order which permits an amendment to Count II and dismisses Counts III and IV of Appellant's Complaint is quashed. Jurisdiction relinquished.