# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph M. Torsella,                      :
in his official capacity                 :
as the Treasurer of the                  :
Commonwealth,                            :
                              Plaintiff   :
                                         :
                  v.                      :     No. 272 M.D. 2019
                                         :     Submitted: March 26, 2020
PPL Corporation,                         :
                              Defendant   :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE J. ANDREW CROMPTON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  May 6, 2020**


Plaintiff Joseph M. Torsella, Treasurer of the Commonwealth (Treasurer), filed a complaint against Defendant PPL Corporation (PPL) in this Court's original jurisdiction, seeking declaratory and injunctive relief regarding the Treasurer's statutory authority to examine PPL's records as a holder of unclaimed property. PPL filed a preliminary objection, and the Treasurer filed a preliminary objection to PPL's preliminary objection in the nature of a motion to strike PPL's preliminary objection. The Court now considers the Treasurer's preliminary objection only. For the reasons that follow, we sustain, in part, the Treasurer's preliminary objection, strike portions of PPL's preliminary objection, and direct the parties to brief what remains.

# I. BACKGROUND

The Treasurer avers the following in his complaint. The Treasury is a constitutional office designated as part of the Executive Department of the Commonwealth. (Complaint ¶ 7.) The Treasurer's duties and responsibilities are set forth in The Fiscal Code,[1] including Article XIII.1 of The Fiscal Code, also known as the Disposition of Abandoned and Unclaimed Property Act (DAUPA).[2] (*Id.* ¶¶ 2, 7.) The Treasurer receives and accounts for hundreds of millions of dollars in unclaimed and abandoned property each year. (*Id.* ¶ 7.) PPL is a domestic business corporation, a utility company, and a holder of unclaimed property. (*Id.* ¶¶ 8, 9.) In recent years, PPL has reported hundreds of thousands of dollars-worth of unclaimed property to the Treasurer.

The Treasurer is empowered to audit holders of unclaimed property to assure they are complying with their obligations under DAUPA. (*Id.* ¶ 1.) In this case, the Treasurer's designated auditor for unclaimed property is Kelmar Associates, which was also representing other states in similar audits. (*Id.* ¶¶ 1, 2, 16, 17.) In the summer of 2017, Kelmar Associates requested PPL to provide records it maintains of potentially unclaimed property related to securities. (*Id.* ¶ 2.) Kelmar Associates explained that the records requested, which included the names and addresses of PPL's shareholders, was relevant in determining: (1) what property is reportable to the Treasurer, as opposed to the unclaimed property administrator of another state; and (2) whether the statutory prerequisites for a given account being unclaimed have been met such that it is reportable under DAUPA. (*Id.* ¶¶ 3, 19.)

---

[1] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §§ 1-1805.

[2] Article XIII.1 was added to the Fiscal Code by the Act of December 9, 1982, P.L. 1057, 72 P.S. §§ 1301.1-1301.28b.

PPL provided Kelmar Associates with access in two basic ways: (1) providing heavily edited, redacted, and incomplete records concerning PPL's stockholders; and (2) proposing an onsite visual view of PPL's tens of thousands of unredacted data entries, at PPL's offices, using a PPL computer terminal and limited to the software that PPL intended to make available. (*Id.* ¶¶ 4, 21.) PPL refused to produce the records and information it had in its possession to Kelmar Associates in a transferable electronic format, thereby preventing Kelmar Associates from performing analytics to evaluate the accuracy of PPL's records. (*Id.* ¶¶ 4, 22.) PPL also refused to provide Kelmar Associates with documents containing the names and addresses of its shareholders or any information that PPL contended related to individual shareholders with addresses in states that are not participating in the audit. (*Id.* ¶ 20.)

After PPL rejected multiple efforts by Kelmar Associates to comply with its request, the Treasurer issued a formal administrative subpoena to PPL, requesting the production of records related to securities in March 2019. (*Id.* ¶ 24, Exhibit 1.) The Treasurer's request for records from PPL in this case is limited to subpoena request number 1 to the extent it seeks information and documents concerning PPL's common stock. (*Id.* ¶ 25, Exhibit 1, pp. 1, 2.) The parties' attorneys exchanged correspondence to try and resolve their differences concerning the subpoena and requested documents, ultimately without success. (*Id.* ¶¶ 31-34, Exhibits 4-6.)

PPL filed what is in essence a single preliminary objection to the complaint, challenging the legal sufficiency (demurrer) of the Treasurer's complaint. PPL contends that the Treasurer's complaint fails to state a claim for injunctive or declaratory relief for PPL's alleged violation of Section 1301.23 of DAUPA, 72 P.S. § 1301.23, and Section 1602 of The Fiscal Code, 72 P.S. § 1602. PPL takes

the position that, while the statutes plainly authorize an audit examination of its records, the Treasurer is not empowered to command production of its records in any form whatsoever. PPL argues that the Treasurer's subpoena should be quashed as it is overbroad, seeks to compel irrelevant information for the unclaimed property audit, and exposes shareholders' personally identifiable information (PII) to needless risk. PPL further asserts that the Treasurer's request for injunctive relief is not warranted because the Treasurer lacks a clear right to relief and compelling such production is likely to cause PPL and its shareholders significant risk of injury without any offsetting benefit to the Commonwealth. In response, the Treasurer filed his own preliminary objection, seeking to strike PPL's preliminary objection as a "speaking demurrer."

## II. ISSUE

The Treasurer argues that PPL's preliminary objection is a "textbook" improper speaking demurrer, which Pennsylvania law prohibits. The Treasurer submits that the appropriate remedy is for the Court to strike PPL's preliminary objection and direct it to answer the complaint.

## III. DISCUSSION

In ruling on a preliminary objection in the nature of a demurrer, we accept as true all well-pleaded material allegations in the verified complaint and any reasonable inferences we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the complaint. *Id.* "[C]ourts reviewing preliminary objections may not only consider the facts pled in the complaint, but also any documents or exhibits attached to it." *Allen v. Dep't of Corr.*, 103

4

A.3d 365, 369 (Pa. Cmwlth. 2014). We may sustain a demurrer only when a complaint has failed to state a claim for which relief may be granted. *Armstrong Cty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (en banc).

The Treasurer argues that PPL's preliminary objection constitutes an improper speaking demurrer. A speaking demurrer "is defined as 'one which, in order to sustain itself, requires the aid of fact not appearing on the face of the pleading objected to . . . which alleges or assumes the existence of a fact not already pleaded, and which constitutes the ground of objection.'" *Regal Indus. Corp. v. Crum & Forster, Inc*., 890 A.2d 395, 398 (Pa. Super. 2005) (quoting Black's Law Dictionary 299 (6th ed. 1991)). "[A] demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Beaver v. Coatesville Area Sch. Dist*., 845 A.2d 955, 958 (Pa. Cmwlth. 2004) (quoting *Martin v. Dep't of Transp., 556 A.2d 969, 971 (Pa. Cmwlth. 1989)).

The Treasurer claims that PPL's preliminary objection impermissibly interweaves new "facts" that distract from, and in many cases, directly contradict factual averments in the Treasurer's complaint. In examining PPL's preliminary objection, we note new factual averments in paragraphs 4, 7, 9, 11, and 12, as well as in footnotes. As an example, in the "Factual Background" of the preliminary objection, page 2, paragraph one, a footnote provides:

> PPL is a publicly traded utility holding company, incorporated in 1994, in connection with the deregulation of electricity generation in Pennsylvania, to serve as the parent company to the regulated utility, PPL Electric Utilities Corporation ("PPL Electric"), and the unregulated generation and related business activities of PPL Corporation. Today, PPL Corporation, through its regulated utility subsidiaries, delivers electricity to customers in the U.K., Pennsylvania, Kentucky, Virginia,

and Tennessee. PPL Electric was founded in 1920 as Pennsylvania Power & Light Company and currently serves approximately 1.4 million customers in 29 counties in Pennsylvania.

(Preliminary Objection ¶ 1 n.1.) PPL also relies on an affidavit from Jennifer C. Borden, Esquire, dated June 5, 2019, which clearly presents facts and documents that are outside of the averments in the complaint and its exhibits. Because PPL's preliminary objection relies on facts not appearing on the face of the complaint or in its exhibits to support the demurrer, PPL's preliminary objection in the nature of a demurrer constitutes an improper speaking demurrer.

We now move to the issue of remedy. In *Elling v. Callas*, 482 A.2d 1065 (Pa. Super. 1984), the plaintiff-appellant appealed a common pleas court's order that sustained the defendants-appellees' demurrer and dismissed a complaint. On appeal, the plaintiff-appellant argued that the common pleas court committed a reversible error when it denied the motion to strike the preliminary objections as an impermissible speaking demurrer. The Pennsylvania Superior Court, after reviewing the relevant Pennsylvania Rules of Civil Procedure, found that defendants-appellees' preliminary objections "are really little more than lengthy assertions of alleged additional facts." *Elling*, 482 A.2d at 1067. The Superior Court overturned the common pleas court's decision "because [defendants-appellees'] contentions were raised in a manner not permitted by the civil procedure rules, [and] the court below erred in considering them and, *a fortiori*, in sustaining them." *Id*. (quoting *Trevellini v. W. Realty Co.*, 432 A.2d 1062, 1064 (Pa. Super. 1981)).

Alternatively, where improperly asserted "new" facts are confined to a discrete portion of the preliminary objections, a court may strike or disregard those improper assertions, while considering the remaining arguments in ruling on the pleading. *Rainmaker Capital of Chestnuthill, LLC v. Chestnuthill Twp*. (Pa.

6

Cmwlth., No. 205 C.D. 2010, filed June 15, 2011), slip op. at 6, 7.[3]  We conclude that the appropriate remedy in this case is to strike the offending portions of PPL's preliminary objection rather than strike the entire pleading.

## IV.  CONCLUSION

After striking the portions of the preliminary objection to the complaint that include or are dependent upon the additional facts improperly set forth in PPL's preliminary objection, only PPL's preliminary objection contending that the complaint fails to state a claim for injunctive or declaratory relief because the Treasurer lacks the statutory authority to compel the electronic production of records, particularly sensitive shareholder PII, remains.  Accordingly, we sustain the Treasurer's preliminary objection, in part, and strike the portions of PPL's preliminary objection that include or are dependent upon averments of fact not set forth in the Treasurer's complaint, and we direct the parties to brief PPL's preliminary objection on the legal issue of:  Whether the scope of the Treasurer's examination authority under DAUPA and The Fiscal Code includes the authority to direct production of records in electronic format and the authority to perform accuracy tests and cross-checks to ensure the holder is compliant under DAUPA.

P. KEVIN BROBSON, Judge

---

[3] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), relating to the citing of judicial opinions, an unreported opinion of the Court issued after January 15, 2008, may be cited only "for its persuasive value, but not as binding precedent."

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph M. Torsella,           :
in his official capacity         :
as the Treasurer of the       :
Commonwealth,               :
                Plaintiff     :
                               :
          v.              :   No. 272 M.D. 2019
                               :
PPL Corporation,           :
                Defendant   :

# **O R D E R**

AND NOW, this 6th day of May, 2020, it is hereby ordered that the preliminary objection of Plaintiff Joseph M. Torsella, in his official capacity as the Treasurer of the Commonwealth (Treasurer), to the preliminary objection of Defendant PPL Corporation (PPL) is SUSTAINED, in part, and the portions of PPL's preliminary objection that include or are dependent upon the additional facts not included in the complaint are STRICKEN. The Prothonotary is directed to issue a briefing schedule for the remaining portion of PPL's preliminary objection.

                                           _____

                                         P. KEVIN BROBSON, Judge